UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL T. THOMAS, | No. 2:12-cv-2587 CKD P |
| Petitioner, | |
| v. | ORDER |
| E. VALENZUELA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the court is respondent's January 28, 2013 motion to dismiss the petition as untimely filed.[1] (ECF No. 14.) Petitioner has filed an opposition to the motion and respondent has filed a reply. (ECF Nos. 21, 25.) The parties have consented to this court's jurisdiction. (ECF Nos. 10, 11.) For the reasons discussed below, the court will grant respondent's motion.

BACKGROUND

On February 27, 2008, petitioner pled no contest to penetration with a foreign object by means of force in violation of California Penal Code § 289(a)(1) and admitted a sentencing enhancement. On March 26, 2008, he was sentenced to a determinate state prison term of eleven

---

[1] Respondent alternatively seeks dismissal of petitioner's Claim Two on the grounds that it is unexhausted and fails to state a cognizable federal claim.

1

years.  (ECF No. 1 at 1; Lod. Doc. 1.[2])  Petitioner did not appeal.

Petitioner filed three pro se state post-conviction collateral challenges with respect to the judgment, all petitions for writs of habeas corpus:

The First Petition

November 20, 2010: Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 2);

January 4, 2011:  Petition denied (Lod. Doc. 3);

The Second Petition

January 31, 2011: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 4);

March 3, 2011:  Petition denied (Lod. Doc. 5);

The Third Petition

March 17, 2011:  Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 6); and

August 31, 2011:  Petition denied (Lod. Doc 7).

Petitioner constructively filed the instant federal action on August 17, 2012.  It was filed in the Central District of California on October 4, 2012, then transferred and filed in this district on October 17, 2012.  (ECF Nos. 1, 3-5.)

### STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the

---

[2] Lodged Documents refer to those documents lodged by respondent on January 28, 2013 and June 11, 2013.  (ECF Nos. 15, 26.)

latest of –

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

## ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal

3

appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Petitioner did not seek direct review of his March 26, 2008 sentence. Thus, the time to seek direct review ended sixty days later on May 25, 2008, when time to file a direct appeal expired. Cal. Rule of Court, Rule 8.308. The one-year limitations period commenced running the following day, May 26, 2008, and concluded one year later. 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a). Thus the last day to file a federal petition was on May 25, 2009, plus any time for tolling.

In opposition to the motion to dismiss, petitioner essentially argues for a later start date of the AEDPA limitations period. In the petition, he alleges that his trial counsel rendered ineffective assistance by failing to request that the trial court exercise its discretion to dismiss a prior "strike" that petitioner sustained under California's Three Strikes Law. This strike was a conviction for voluntary manslaughter; at the time of the offense, petitioner was seventeen years old. Petitioner contends that, given his young age and the circumstances of the crime, his attorney should have argued for dismissal of the strike "in furtherance of justice." Instead the strike was considered in determining that petitioner be sentenced to an eleven-year term for the instant offense. (ECF No. 1 at 8-12.) Petitioner asserts that he was unaware that he was not competently represented in the trial court, or that he could pursue a claim of ineffective assistance of counsel, until he happened to be housed with an inmate with legal training who assisted him. (Id. at 12; ECF No. 21 at 7.) Thus petitioner suggests that the AEDPA limitations period should have started when he learned that he had a potential federal habeas claim.

Under § 2244(d)(1)(D), AEDPA's statute of limitations begins to run when the petitioner knows or through diligence could discover the important facts, not when petitioner discovers their legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001). Here, the factual predicate of petitioner's ineffective assistance claim – that his attorney did not argue for

4

1  dismissal of the prior strike – was known to him at sentencing.  The fact that, years later, another

2  inmate gave petitioner legal advice concerning his attorney's performance, does not affect the

3  start date of the AEDPA limitations period.

4      Petitioner alternatively argues that, because the California Supreme Court denied his third

5  state habeas petition on August 31, 2011 and he constructively filed his federal petition one year

6  later[3], the petition was timely. (ECF No. 21 at 2-3.)  However, the California Supreme Court's

7  ruling on a state habeas petition does not trigger the beginning of the statutory limitations period

8  under AEDPA.  Rather, under § 2244(d)(1)(A), it is the conclusion of "direct review" on appeal,

9  or the expiration of the time for seeking such review, that determines when the federal limitations

10 period begins.

11     Because the instant action was commenced more than three years after the May 25, 2009

12 deadline for filing a federal action, the petition is untimely absent tolling.

13 II. Statutory Tolling

14     Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

15 for State post-conviction or other collateral review with respect to the pertinent judgment or claim

16 is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

17     State time limits are conditions to filing which render a petition not properly filed. Pace v.

18 DiGuglielmo, 544 U.S. 408, 417 (2005).  When a state court rejects a petition for post-conviction

19 relief as untimely, the petition is not a "properly filed" application for post-conviction or

20 collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the

21 limitation period. Id.

22     Here, petitioner filed three state post-conviction collateral challenges between November

23 2010 and March 2011, as described above.  His petitions to the Sacramento County Superior

24 Court and the California Supreme Court were expressly denied as untimely.[4]  (Lod. Docs. 3, 7.)

---

[3] Petitioner specifically argues that he constructively filed the petition "well before September 30, 2012." (Id.)  As noted above, the petition was constructively filed on August 17, 2012.

[4] The California Supreme Court's citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) indicates that it found the petition untimely.  See Walker v. Martin, 131 S. Ct. 1120, 1128-1129 (2011).

Thus, these state habeas petitions were not "properly filed" so as to toll the running of the limitations period.

In addition, all three state petitions were filed after the one-year statutory limitations period ended on May 25, 2009. The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's three state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

III. Equitable Tolling

In opposition to respondent's motion, petitioner asserts that he has "limited education, having dropped out of school when I was 16," and lacked the legal knowledge to prepare a federal habeas petition until he was assisted by another inmate.[5]  (ECF No. 21 at 7.)  The court construes this as an argument for equitable tolling.

The AEDPA statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is "unavailable in most cases." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Id. (internal quotation marks and citation omitted).

Here, petitioner does not cite any "extraordinary circumstance" that prevented him from timely filing his federal petition. A petitioner's claims of ignorance of the law, lack of education,

---

[5] This argument is related to petitioner's argument, addressed above, that the limitations period should have commenced when he learned of his potential habeas claim.

or illiteracy are not grounds for equitable tolling. Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1112-1113 (9th Cir. 2009) (confusion by petitioner over AEDPA does not justify equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause). Nor has petitioner made the requisite showing that he has been pursuing his rights diligently.

In sum, as petitioner is not entitled to statutory or equitable tolling, the petition is untimely. Thus the court need not reach respondent's alternative arguments for dismissal of Claim Two.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's January 28, 2013 motion to dismiss the petition for untimeliness (ECF No. 14) is granted;

2. The Clerk of Court shall close this action; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: June 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom2587.mtd